UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>         Plaintiff,<br><br>v.<br><br>L. GONZALES, Correctional Officer; H. ASBURY, Manager/Supervisor; R. EBALO, Registered Nurse; G. CASIAN, Physician; A. JAMES, Vocational Nurse; S. PUCKETT, Registered or Vocational Nurse; G. WILEY, Nurse Practitioner; D. McARTHUR, Registered Nurse; M. HODGESON, Radiology Technician; A. CASTRILLON, Radiology Technician; DOE 1, Director of Radiological Services; S. ROBERTS, Chief Medical Executive; L. CIBROWSKI, Manager/Supervisor; P. H. BRACAMONTE, Manager Supervisor; DOE 2, Health Care Manager; DOE 3, Chief Medical Officer; DOE 4, Health Care Standards Compliance Coordinator; DOE 5, Correctional Health Services Administrator; DOE 6, Supervising Registered Nurse; DOE 7, Associate Warden, Health Care Operations; R. OLSEN, Appeals Coordinator; J. RAMIREZ, Appeals Coordinator; DOE 8, Manager/Supervisor Associate Warden; DOE 9, Manager Supervisor Chief Deputy Warden,<br><br>         Defendants. | Case No.:  16cv487 MMA (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY [Dkt. No. 55];**<br><br>**(2) GRANTING MOTION REQUESTING SUBPOENA TO ACQUIRE FORWARDING ADDRESS [Dkt. No. 65];**<br><br>**(3) DENYING MOTION REQUESTING COURT ORDER FOR DEFENSE COUNSEL TO SUBMIT A DECLARATION [Dkt. No. 67]; and**<br><br>**(4) GRANTING MOTION REQUESTING ORDER DIRECTING DEFENDANT'S COUNSEL PROVIDE INFORMATION REGARDING STATUS OF SERVICE FOR DEFENDANT L. CIBOROWSKI [Dkt. No. 69].** |

Plaintiff Moriano Millare, a California inmate proceeding pro se and *in forma pauperis* (IFP), filed suit under 42 U.S.C. § 1983 alleging various violations by multiple defendants of his civil rights.  Most of the claims revolve around Plaintiff being assigned to a top bunk even though he had a pre-existing broken leg and neck and back pain, and excessive force used on him in connection with his attendance at medical appointments.  Plaintiff recently filed multiple motions; the court addresses each in turn below.

**1. <u>February 9, 2017 Motion to Compel.</u>**

On February 2, 2017 Plaintiff filed a "Motion for an Order Declaring All Matters Admitted" and asked the court to compel Defendants to supplement their discovery responses.  Dtk. No. 52.  A week later he filed a second motion entitled a "Notice of Joinder" to the original motion and included additional requests to compel.  Dtk. No. 55.  The court granted in part and denied in part the motions, and ordered defense counsel to meet and confer with Plaintiff regarding the outstanding issues.  Defense counsel and Plaintiff held a one hour and 40 minute telephonic meet and confer session.  Dkt. No. 61, p. 1.  Defense counsel filed a notice that nearly all matters were resolved in the two motions, with either Defendants offering to supplement certain discovery responses by April 1, 2017, or Plaintiff agreeing to revise his requests to Defendants.

Only one issue remains unresolved from those motions.  Plaintiff requested an order compelling a more definite answer by defendants L. Gonzales and S. Puckett to request for production (RFP) numbers 2 and 3.  Dkt. No. 55, p.2(P).  After discussing these RFPs, Defendants maintain their objections.  The RFPs and objections read:

> <u>RFP No. 2</u>:  Any and all documents that refer or relate to complaints against defendant L. Gonzales by any prisoner, fellow prisoner or private citizen alleging force, aggressive conduct or violence directed at persons detained in custody and or giving false testimony and writing false reports.
>
> <u>RFP No. 3</u>:  Same as RFP No. 2 but directed to defendant H. Asbury.

1  Defendants objected to both on the grounds that they are vague and ambiguous, seek
2  irrelevant information, have been asked and answered, conceivably seek the disclosure of
3  information that would either violate the safety and security of the prison or individual
4  privacy rights, and seek information provided by the official information privilege.
5  Without waiving those objections, Defendants responded that neither L. Gonzales nor H.
6  Asbury have records of discipline with the CDCR.

7      Plaintiff argues that the RFPs did not request discipline records but rather sought
8  information related to Plaintiff's allegations that they collaborated to file a false
9  disciplinary report against him after L. Gonzales unnecessarily inflicted excessive force
10 on Plaintiff.  Plaintiff specifies that he is requesting any complaints filed against L.
11 Gonzales or H. Asbury that allege they used force, aggressive conduct, gave false
12 testimony or drafted false reports.  In their responses, Defendants state that neither one
13 has a record of discipline.  But they do not expressly address whether any complaints
14 have been filed against them for excessive force, false testimony or false reports.

15     Defendants ask this court to deny the request to compel further responses on
16 relevance grounds.  They argue that Evidence Rule 404 prohibits evidence of prior
17 conduct to establish a defendant's propensity to commit a wrongful act.  Rule 404
18 prohibits evidence of a crime, wrong or other act "to prove a person's character in order
19 to show that on a particular occasion the person acted in accordance with the character."
20 Fed. R. Evid. 404(b).  While this typically arises in the criminal context, courts have also
21 applied it in civil excessive force actions against peace officers.  *See, e.g., Antonetti v.*
22 *Neven*, 2013 WL 3875382, at *8 (D. Nev. July 25, 2013) (denying plaintiff discovery of
23 other complaints filed by inmates against defendant correctional officer because such
24 evidence of "prior bad acts" is prohibited under Rule 404); *Hudson v. District of*
25 *Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009) (finding evidence of defendant police
26 officer's prior history of anger, use of improper force and filing false reports was
27 improperly admitted in a § 1983 case for excessive force and other claims because it
28 violated Rule 404(b)).

Because the information Plaintiff seeks would constitute evidence of "prior bad acts" that Plaintiff would presumably use to show that Defendants acted in conformity with those acts, the court finds the request impermissible because it would not lead to the discovery of admissible evidence under Rule 404(b). The court, thus **DENIES in part** the remainder of Plaintiff's Motion to Compel filed on February 9, 2017 [Dkt. No. 55].

**2. <u>Motion Requesting Subpoena to Acquire Forwarding Address.</u>**

**A. Relevant Facts.**

On June 8, 2016 the district judge issued the order granting Plaintiff IFP status and directed the United States Marshal to serve the summons and the complaint on 15 named Defendants, including defendant G. Wiley. Dkt. No. 3, p.8. Plaintiff provided the Marshal with Wiley's address at R.J. Donovan Correctional Facility. The Marshal ultimately returned the summons unexecuted and documented the following notes:

- <u>June 14, 2016</u>: Mailed summons and complaint to Donovan.

- <u>July 28, 2016</u>: Per litigation coordinator, defendant Wiley not employed at Donovan.

- <u>August 3, 2016</u>: Summons and complaint sent to Management Solutions, LLC. Per Natalie Goldstock of Management Solutions, she forwarded the summons and complaint to Maxim Healthcare on August 5, 2016.

Dkt. No. 53, p.3.

On September 14, 2016 Plaintiff received notice that Wiley had not been served with process. Dkt. No. 44, p.1. He sent a letter to the Marshal on November 4, 2016, inquiring as to the status of service on Wiley. *Id.* As of December 13, 2016 Plaintiff had not heard back from the Marshal, so filed a motion on December 23, 2016 asking the court to provide the forwarding address to the Marshal for defendant Wiley. Dkt. No. 44. This court ordered the Deputy Attorney General assigned to the case to provide the forwarding address for Wiley to the Marshal in a confidential memorandum so that the Marshal could serve the summons and complaint. Dkt. No. 45. On January 17, 2017

Plaintiff forwarded to the Marshal one summons and one complaint for Wiley. *See* Dkt. No. 65, p.2.

The summons and complaint for Wiley were returned to Plaintiff unexecuted on February 10, 2017. Dkt. No. 53. The Marshal again documented the unsuccessful attempts to serve Wiley:

- January 23, 2017: Management Solutions is the forwarding address provided by Donovan and the California Attorney General. Management Solutions is the point of contact for several medical specialist registries. The Marshal contacted Management Solutions, who referred the Marshal to Maxim Healthcare as Wiley's new employer. Maxim Healthcare referred the Marshal to their attorney, Jason Peterson, who told the Marshal he would look into it and then contact the Marshal.

- February 2, 2017: Jason Peterson called and told the Marshal that Maxim Healthcare refuses to accept the summons and complaint for Wiley, or produce Wiley or a forwarding address for service. Mr. Peterson said the Marshal was not to contact Maxim Healthcare regarding this issue and to address any further questions only with him. The Marshal contacted the California Correctional Health Care Services Litigation Support Unit for help, as they oversee the medical registries. The unit representative tried to help the Marshal by contacting Maxim Healthcare and Jason Peterson but both refused the help the unit representative.

Dkt. No. 53.

The librarian at Plaintiff's current institution tried to find an address for Maxim Healthcare in San Diego; but Plaintiff understands there are several addresses for that company in San Diego, and wants to find the correct one before attempting service again. Dkt. No. 65, p. 4.

**B. Discussion.**

In a prisoner civil rights case where the plaintiff is proceeding IFP, a United States Marshal must serve the summons and complaint on a defendant upon order of the court. Fed. R. Civ. Proc. 4(c)(3); 28 U.S.C. § 1915(d). An IFP plaintiff may rely on the Marshal for service of the summons and complaint and "should not be penalized by

having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them[.]" *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990).  If the prisoner provided sufficient information to serve the defendant, then any failure by the Marshal to effectuate service constitutes good cause to excuse the failure to serve the complaint and summons within the specified time.  *Id.; Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (citation omitted), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

      Despite Plaintiff timely providing sufficient information to the Marshal and the court ordering service on Wiley, the summons and complaint still have not been served.  The Marshal's attempts to follow this court's service order have been frustrated by the actions of Maxim Healthcare, and its attorney Jason Peterson.  They refuse to either accept service on behalf of Wiley or provide Wiley's forwarding information.  For this reason, Plaintiff moves this court for a subpoena to acquire Wiley's forwarding address because without it the Marshal's attempts to serve Wiley will continue to be frustrated.

      An IFP plaintiff "is generally entitled to obtain service of a subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d)."  *Heilman v. Lyons*, 2010 WL 5168871, *1 (E.D. Cal. Dec. 13, 2010) (granting in part pro se prisoner plaintiff's motion to authorize the U.S. Marshal to serve a subpoena on the CDCR).  A motion to issue a subpoena must "be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party." *Id.*  Further considerations include the relevance of the information sought and the burden and expense on the non-party to provide the information.  *Smith v. Rodriguez*, 2016 WL 1267846, at *4 (E.D. Cal. Mar. 31, 2016) Report and Recommendation adopted, 2016 WL 7451555 (E.D. Cal. Dec. 27, 2016) (granting a pro se prisoner's request to have U.S. Marshal serve subpoena on custodian of records for a hospital in § 1983 case).

      Here, Plaintiff clearly identifies the information sought—the forwarding address for defendant Wiley—so that the Marshal can effectuate the court-ordered service.  The

6

16cv487 MMA (NLS)

having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them[.]" *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990).  If the prisoner provided sufficient information to serve the defendant, then any failure by the Marshal to effectuate service constitutes good cause to excuse the failure to serve the complaint and summons within the specified time.  *Id.; Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (citation omitted), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Despite Plaintiff timely providing sufficient information to the Marshal and the court ordering service on Wiley, the summons and complaint still have not been served.  The Marshal's attempts to follow this court's service order have been frustrated by the actions of Maxim Healthcare, and its attorney Jason Peterson.  They refuse to either accept service on behalf of Wiley or provide Wiley's forwarding information.  For this reason, Plaintiff moves this court for a subpoena to acquire Wiley's forwarding address because without it the Marshal's attempts to serve Wiley will continue to be frustrated.

An IFP plaintiff "is generally entitled to obtain service of a subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d)."  *Heilman v. Lyons*, 2010 WL 5168871, *1 (E.D. Cal. Dec. 13, 2010) (granting in part pro se prisoner plaintiff's motion to authorize the U.S. Marshal to serve a subpoena on the CDCR).  A motion to issue a subpoena must "be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party." *Id.*  Further considerations include the relevance of the information sought and the burden and expense on the non-party to provide the information.  *Smith v. Rodriguez*, 2016 WL 1267846, at *4 (E.D. Cal. Mar. 31, 2016) Report and Recommendation adopted, 2016 WL 7451555 (E.D. Cal. Dec. 27, 2016) (granting a pro se prisoner's request to have U.S. Marshal serve subpoena on custodian of records for a hospital in § 1983 case).

Here, Plaintiff clearly identifies the information sought—the forwarding address for defendant Wiley—so that the Marshal can effectuate the court-ordered service.  The


Marshal's documentation shows that Wiley's forwarding address is available only through Maxim Healthcare. The information sought is relevant because without it the claims and defenses as to Wiley will not progress in this case. The burden and expense on Maxim Healthcare to provide this information is minimal. The court, therefore, finds good cause to grant the motion for the subpoena for Wiley's forwarding information. *See Cramer v. Target Corp.,* 2010 WL 1849908 (E.D. Cal. May 6, 2010) (noting that a subpoena can facilitate identifying a defendant's current location so that a pro se prisoner can provide that information to the Marshal to effectuate service); *Hamilton v. Hart*, 2017 WL 85781, at *2 (E.D. Cal. Jan. 9, 2017) (noting an IFP plaintiff is entitled to service of a subpoena by a U.S. Marshal if the plaintiff provides the appropriate service address for the subpoena); *McCurdy v. Johnson*, 2013 WL 4506432 (D. Nev. Aug. 23, 2013) (noting the U.S. Marshal served a subpoena on a detention center that then provided the defendant's last known address and telephone number, which the U.S. Marshal used to effectuate service of the summons and complaint).

**C. Order.**

For good cause shown, the court **GRANTS** Plaintiff's motion to issue a Subpoena to Produce Documents, and **ORDERS:**

1. The Clerk of Court must issue and sign a Subpoena to Produce Documents and send it to Plaintiff, along with a copy of this order and another summons.
2. Plaintiff must find the service address for Maxim Healthcare, which should be available through the California Secretary of State's website. Plaintiff must fill out the Subpoena with that address provide it to the U.S. Marshal by **May 1, 2017**. Plaintiff must include in that packet the new summons and a copy of the complaint.
3. The U.S. Marshal must serve the Subpoena **within 30 days** of receiving it from Plaintiff.

///

 4. While not expressly required, nothing in this order prevents the Deputy Attorney General assigned to this case from working to promote judicial efficiency in this case by contacting Maxim Healthcare to try to procure Wiley's forwarding address, which he can then provide to the Marshal.
 5. Once the Marshal receives Wiley's address the Marshall must attempt to re-serve the summons and complaint on Wiley.

### 3. Motion Requesting Order for Defense Counsel to Submit a Declaration.

When Plaintiff and defense counsel met and conferred regarding Plaintiff's discovery issues, Plaintiff learned that defense counsel never received Plaintiff's first set of requests for admission (RFAs) to defendant Asbury. In Defendants' notice of resolution of discovery issues, defense counsel writes out that Defendants did not receive those RFAs. Dkt. No. 61, p.2. Based at least in part on this information, Plaintiff filed an institutional appeal regarding staff's alleged interference with his legal mail. Plaintiff now asks this court to order defense counsel to submit a declaration attesting to the fact that he did not receive the December 1, 2016 RFAs directed to defendant Asbury. Presumably, Plaintiff would like to use that declaration to support his institutional appeal regarding the alleged interference with his legal mail.

Plaintiff seeks this declaration to support a different case he is currently pursuing at the administrative level, and the court has no authority—and defense counsel owes no duty—to provide Plaintiff with such a document. In any event, the same information that Plaintiff seeks is included in a public document signed by defense counsel that was filed with the court and served on Plaintiff. The court **DENIES** Plaintiff's motion requesting defense counsel to submit a declaration.

### 4. Motion Requesting Order Directing Defense Counsel to Provide Information Regarding Status of Service for Defendant L. Ciborowski.

Plaintiff asks this court to file a statement as to the status of service of the complaint on defendant Ciborowski. On December 7, 2016, this court ordered defense counsel to provide the U.S. Marshal with Ciborowski's forwarding address by January 6,

2017.  If he could not provide it, defense counsel was to file a declaration explaining that he could not get the address.  Then, within 30 days of receiving the address from defense counsel, the Marshal was to serve the complaint on Ciborowski, just as it was ordered to do for defendant Wiley mentioned above.

Defense counsel never filed a declaration stating that he could not get Ciborowski's address.  And the Marshal has not returned a summons, either executed or unexecuted.  For good cause shown, the court **GRANTS** the motion for a status report.  Defense counsel must inquire with the Marshal as to the status of service on Defendant Ciborowski, and file a Notice of Status by **April 12, 2017**.

**IT IS SO ORDERED.**

Dated:  March 29, 2017

Hon. Nita L. Stormes
United States Magistrate Judge