UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>                   Plaintiff,<br><br>v.<br><br>L. GONZALES, Correctional Officer; H. ASBURY, Manager/Supervisor; R. EBALO, Registered Nurse; G. CASIAN, Physician; A. JAMES, Vocational Nurse; S. PUCKETT, Registered or Vocational Nurse; G. WILEY, Nurse Practitioner; D. McARTHUR, Registered Nurse; M. HODGESON, Radiology Technician; A. CASTRILLON, Radiology Technician; DOE 1, Director of Radiological Services; S. ROBERTS, Chief Medical Executive; L. CIBROWSKI, Manager/Supervisor; P. H. BRACAMONTE, Manager Supervisor; DOE 2, Health Care Manager; DOE 3, Chief Medical Officer; DOE 4, Health Care Standards Compliance Coordinator; DOE 5, Correctional Health Services Administrator; DOE 6, Supervising Registered Nurse; DOE 7, Associate Warden, Health Care Operations; R. OLSEN, Appeals Coordinator; J. RAMIREZ, Appeals Coordinator; DOE 8, Manager/Supervisor Associate Warden; DOE 9, Manager Supervisor Chief Deputy Warden,<br><br>                   Defendants. | Case No.: 16cv487 MMA (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Dkt. No. 73];**<br><br>**(2) DENYING MOTION FOR EXPERT WITNESS [Dkt. No. 75];**<br><br>**(3) REGARDING PLAINTIFF'S MOTION TO COMPEL A MORE DEFINITE ANSWER; and**<br><br>**(4) SUA SPONTE EXTENDING THE TIME FOR PLAINTIFF TO PROVIDE SUBPOENA TO THE U.S. MARSHAL.** |

Plaintiff Moriano Millare, a California inmate proceeding pro se and *in forma pauperis* (IFP), filed suit under 42 U.S.C. § 1983 alleging various violations by multiple defendants of his civil rights. Most of the claims revolve around Millare being allegedly exposed to radiation during x-ray examinations, being assigned to a top bunk even though he had a pre-existing broken leg and neck and back pain, and excessive force used on him in connection with his attendance at medical appointments. Millare recently filed multiple motions; the court addresses each in turn below.

## I. Motion for Appointment of Counsel.

Millare asks this court to appoint counsel for these reasons: (1) he cannot afford counsel; (2-4) the issues are complex; (5-6) he has limited access to scientific facts regarding radiation and dermatology; (7) Defendants continue to perform x-rays on him; (8-10) defendants Ciborowski and Wiley have yet to be served, Ramirez was only recently served, and extensive discovery remains to be taken on these three Defendants; (11-13) Plaintiff says he needs to use expert witnesses and take depositions; and (14) Plaintiff intends to amend the complaint.

To address some of these points, defendant Cibrowski was served on April 11, 2017 [Dkt. No. 77] and the court has taken steps to facilitate service of the complaint on defendant Wiley [Dkt. No. 71 and section IV below]. The remaining relevant points for requesting counsel are that Plaintiff is indigent and the issues are complex and require extensive discovery.

### A. Legal Standard.

The Constitution provides no absolute right to the appointment of counsel in any civil proceeding. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But they do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103

2

(9th Cir. 2004).

A finding of exceptional circumstances "requires an evaluation of both the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986), *quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of the *Wilborn* factors are dispositive, and they must be viewed together before the district court reaches its decision. *Id.*

**B. Discussion.**

### 1. Likelihood of Success on the Merits.

A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the *Wilborn* test. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Here, there is very little before the court regarding the merits of Plaintiff's case, other than the assertions in the complaint and this motion. As a result, it is difficult at this time to determine the likelihood that Plaintiff will succeed on the merits. Therefore, Plaintiff fails to satisfy the first *Wilborn* factor.

### 2. Plaintiff's Ability to Articulate His Claims.

Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has articulated his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). As another court in this district noted, there is "no doubt [that] most *pro se* litigants find it difficult to articulate their claims and would be better served with the assistance of counsel." *Garcia v. Cal. Dep't of Corrections & Rehab.,* 2013 WL 485756, at *1 (S.D. Cal. Feb. 6, 2013). But it is for this reason that federal courts employ procedures that protect a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In *pro se* civil rights cases, a court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, where a *pro se* plaintiff can articulate his claims in light of their relative complexity, there are no exceptional

circumstances to justify appointment of counsel. *Garcia,* 2013 WL 485756, at *1, *citing Wilborn*, 789 F.2d at 1331.

The purported complexity of this case and required use of experts have not prevented Plaintiff from articulating his claims thus far. This court reviewed Plaintiff's complaint and finds that the issues he raises are not particularly complex. The court understands his claims and the relief sought. Plaintiff also demonstrated that he has a good grasp on basic litigation procedure, as evidenced by the pleadings and 16 motions he has filed with this court thus far, some of which have been granted.

The court finds that Plaintiff has sufficiently put on his case thus far in light of the complexity of the legal issues involved. As for his argument that he lacks funds and needs counsel to work with expert witnesses to prepare this case for trial, such an issue is common to most prisoners, and does not amount to exceptional circumstances. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education).

### C. Conclusion and Order.

Viewing the *Wilborn* factors together, Plaintiff has not shown a likelihood of success on the merits of his case or that he cannot articulate his claims and litigate this action *pro se*. Therefore, Plaintiff has not established the exceptional circumstances required for the appointment of counsel pursuant to 28 U.S.C. Section 1915(e)(1).

The court, therefore, **DENIES without prejudice** Plaintiff's motion for appointment of counsel.

### II. Motion for Expert Witness.

Millare asks this court to appoint an expert witness to help the trier of fact understand the evidence and determine the facts at issue regarding his claims and purported suffering of skin damage, thinning, scars, an enduring itch, and intentional exposure to radiation by failure to use a lead blanket during x-ray procedures.

///

4

16cv487 MMA (NLS)

## A. Legal Standard.

An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. Fed. R. Evid. 702. A court has full discretion to appoint an expert witness either by its own motion or by a party's motion. Fed. R. Evid. 706(a); *McKinney v. Anderson*, 924 F.2d 1500, 1510-11 (9th Cir. 1991), overruled on other grounds by *Helling v. McKinney*, 502 U.S. 903 (1991). Appointment of an expert witness may generally be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue...." *Levi v. Dir. of Corr.*, 2006 U.S. Dist. LEXIS 18795, *2 (E.D.Cal. 2006) (citation omitted).

The IFP statute, 28 U.S.C. § 1915, does not waive the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). "Reasonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Trimble v. City of Phoenix Police Dept.*, 2006 U.S. Dist. LEXIS 13061, *6 (D. Ariz. 2006) (citation omitted).

## B. Discussion and Order.

In his request to appoint an expert, Plaintiff argues that an expert's testimony is needed to understand the complex medical issues in this case. He explains that a jury will need an unbiased expert's help to understand those issues. Specifically, he argues that an expert is needed to (1) determine the short and long term effects of soft tissue exposure to radiation from x-rays; (2) audit the CDCR's use of protective devices during x-rays for inmates; and (3) diagnose and treat Plaintiff's skin condition.

Presumably the facts regarding Plaintiff's medical situation would go toward his Eighth Amendment claim for deliberate indifference to medical needs. To prevail on a deliberate indifference claim, Plaintiff must show that Defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1983). Deliberate indifference has a subjective component because it requires the court to "consider the seriousness of the prisoner's medical need and the nature of the

5

defendant's response to that need." *Levi*, 2006 U.S. Dist. LEXIS at 3 (citation omitted). In the context of such a claim, "the question of whether the prison officials displayed deliberate indifference to [Plaintiff's] serious medical needs [does] not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment." *Id.* Courts have declined to appoint an expert under such circumstances. *Id.* Therefore, Plaintiff's request for appointment of a medical expert witness is **DENIED**.

### III. Motion to Compel a More Definite Answer.

Plaintiff filed a motion to compel Defendants to provide more definite answers to discovery. To the extent the parties have not yet met and conferred on any of the requests in dispute, defense counsel must arrange and hold a telephonic meet and confer with Plaintiff by **May 11, 2017**. Defendants then must file a notice of resolution of any of the items in dispute, along with an opposition to any outstanding issues, by **May 18, 2017**. The court will then take the matter under submission.

In this motion Plaintiff also asks to extend the May 27, 2017 discovery deadline by three months for defendant Ramirez. Defendant Ramirez did not file an answer in this action until February 14, 2017. The court finds good cause to continue the discovery deadline as to defendant Ramirez only to **June 27, 2017**, as Plaintiff has already started discovery regarding Ramirez, continuing the date to June 27 gives him three months from now to finish that discovery, and that date is before the motion filing cutoff.

### IV. Sua Sponte Extension of Time to Provide Subpoena.

On March 29, 2017 the court issued an order that granted Plaintiff's motion to issue a subpoena to be served on third party Maxim Healthcare, so that he can subpoena from them the forwarding address for defendant Wiley. The court directed the clerk to issue the subpoena and ordered Plaintiff to fill it out and then provide it to the U.S. Marshal by May 1, 2017. The clerk did not mail out the subpoena, however, until April 25, 2017. *See* Dkt. No. 78 (summons issued for defendant Wiley and mailed out to Plaintiff along with subpoena). The court, thus, sua sponte **CONTINUES** the May 1, 2017 deadline for Plaintiff to provide the subpoena to the Marshal with the location

information for Maxim Healthcare to **June 1, 2017**. The Marshal will have 30 days from receipt of the subpoena to serve it on Maxim Healthcare.

**IT IS SO ORDERED.**

Dated: April 27, 2017

Hon. Nita L. Stormes
United States Magistrate Judge