**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MORIANO MILLARE,<br>CDCR #J-19886,<br>　　　　　　　　　　Plaintiff,<br>vs.<br>L. GONZALES, et al.,<br>　　　　　　　　　　Defendants. | Case No.: 3:16-cv-0487-MMA-NLS<br><br>**ORDER GRANTING DEFENDANT G. WILEY'S MOTION TO DISMISS**<br><br>[Doc. No. 105] |

Plaintiff Moriano Millare, a California state prisoner proceeding *pro se*, has filed a civil rights action against correctional, medical, and inmate appeals officials at Richard J. Donovan Correctional Facility ("RJD"). *See* Doc. No. 1. Plaintiff brings five claims against Defendant G. Wiley, a nurse practitioner at RJD, for violations of his First and Eighth Amendment rights, as well as state law.[1] Wiley moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 105. Plaintiff filed a response in opposition to Wiley's motion, to which Wiley replied. *See* Doc. Nos.

---

[1] Plaintiff reached a settlement of his claims against the other defendants in this action. *See* Doc. No. 108. As such, the Court dismissed Plaintiff's claims as to those defendants. *See* Doc. Nos. 117, 119, 127. Plaintiff's only remaining claims in this action are the claims he brings against Defendant Wiley.

128, 129. The Court took Wiley's motion under submission on the written briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS** Wiley's motion.

## BACKGROUND[2]

Plaintiff's claims arise out of events beginning in November 2013 and continuing through 2015. As relevant to this motion, on June 11, 2014, Plaintiff filed an inmate health care appeal against former-defendant Dr. G. Casian, alleging that Dr. Casian forced Plaintiff "to endure chronic itch five (5) months without treatment, treating the plaintiff with naproxen after being informed it had no effect on plaintiff's pain . . . ." Complaint ¶ 65 (citing Ex. "I"). Plaintiff further alleges that on July 23, 2014, Defendant Wiley, a nurse practitioner, interviewed him for the second level of review of his health care appeal against Dr. Casian. Plaintiff claims that when he entered the office, Wiley ordered him to stop walking and demanded that Plaintiff walk the rest of the way through the office on his "tip toes." *Id*. ¶ 82. When Plaintiff refused, Wiley instructed Plaintiff to walk on his heels. Plaintiff stood still and advised Wiley that the instructions were confusing. Wiley told Plaintiff to close his eyes, walked behind Plaintiff, and shoved him "in the back knocking the plaintiff off balance." *Id*. ¶ 84. When Plaintiff asked Wiley what she was doing, Wiley told Plaintiff that if he did not cooperate she would cancel his health care appeal against Dr. Casian.

According to Plaintiff, Wiley then yelled that Plaintiff's "breath stinks . . . followed by wild laughter." *Id*. ¶ 85. Plaintiff claims that he then tried to ask Wiley questions concerning his health care appeal, and she responded by telling Plaintiff to "shut up and stated she was going to throw up followed by even louder laughter.

---

[2] This description of events is taken from Plaintiff's complaint and is not to be construed as findings of fact by the Court. However, because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Defendant Wiley told the plaintiff she was going to order him diapers and then asked Officer Krawford for permission to give the plaintiff tic tacs," which Plaintiff advised Wiley he could not eat because he is Muslim. *Id*. ¶ 85-86. Wiley told Plaintiff to "change your religion because your breath stinks." *Id*. ¶ 87. Defendant Wiley provided Plaintiff with paperwork regarding the medication triamcinolone, however, Plaintiff alleges he never received the actual medication. Ultimately, Plaintiff's health care appeal against Dr. Casian was denied at the second level of review. On August 13, 2014, Plaintiff filed a health care appeal against Defendant Wiley regarding her treatment of Plaintiff during the July 23, 2014 interview.

Based on these allegations, Plaintiff brings First Amendment retaliation and Eighth Amendment deliberate indifference claims against Defendant Wiley. Plaintiff also brings three state law claims against all named defendants, including Wiley.

## DISCUSSION

### 1. *Legal Standard*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), *citing Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003). The court need not take legal

conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Furthermore, the court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)). Thus, before a *pro se* civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi*, 839 F.2d at 623-24. But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

### 2. First Amendment Claim

Plaintiff alleges that Defendant Wiley retaliated against him in violation of his First Amendment right to file inmate appeals when she threatened to cancel Plaintiff's health care appeal against Dr. Casian.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000), *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994)). Conduct protected by the First Amendment includes communications that are "part of the

grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).

After reviewing Plaintiff's complaint, the Court finds that he has failed to allege a plausible First Amendment retaliation claim against Defendant Wiley. Even if the Court liberally construes Plaintiff's allegations, he sets forth insufficient facts to support all the necessary elements of a retaliation claim. According to the complaint, Defendant Wiley threatened to cancel his health care appeal against Dr. Casian not because of Plaintiff's protected conduct, but because he failed to cooperate with her instructions during the interview. Moreover, Plaintiff includes only a bare legal conclusion in his complaint that Defendant Wiley's actions had "chilling effects" that "did not advance any legitimate penological goals." *Complaint* ¶ 175. Plaintiff's substantive allegations demonstrate the opposite, that his exercise of the right to submit inmate appeals was not chilled. Plaintiff submitted multiple inmate appeals after his interview with Defendant Wiley, including an appeal based on his interaction with her during the July 23, 2014 interview. *See* Pl. Ex. P.

In sum, Plaintiff has filed to allege sufficient facts to state a plausible First Amendment claim against Defendant Wiley and his claim is subject to dismissal.

### 3. *Eighth Amendment Claim*

Plaintiff also alleges that Defendant Wiley violated his Eighth Amendment right to adequate medical care by acting deliberately indifferent to Plaintiff's serious medical needs, to wit, a chronic skin infection.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)). "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id*. at 105. A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); and (2) the

subjective requirement that the prison official has a "sufficiently culpable state of mind." *Id*. (quoting *Wilson*, 501 U.S. at 298).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. *Conn v. City of Reno*, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). The Court finds Plaintiff alleges specific facts sufficient to satisfy the objective requirement for a serious medical need.

The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 302-303). A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. *Conn*, 572 F.3d at 1055. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. *Id.* A difference of medical opinion between the inmate and prison medical authorities regarding a diagnosis and/or treatment is insufficient to prove deliberate indifference. *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1344 (9th Cir. 1981) (citing *Mayfield v. Craven*, 433 F.2d 873, 873 (9th Cir. 1970). Moreover, inadequate treatment due to malpractice, or even gross negligence, is not enough to establish deliberate indifference. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's chief complaint is that he did not receive the medical treatment he preferred, and that Defendant Wiley shoved, taunted, and belittled him during her examination. Plaintiff's complaint does not contain sufficient factual content to "allow

the court to draw a reasonable inference" of deliberate indifference by Defendant Wiley. *Iqbal*, 556 U.S. at 678. To establish that Wiley's actions amounted to deliberate indifference, Plaintiff must allege that the course of treatment Wiley "chose was medically unacceptable under the circumstances" and that she "chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson*, 90 F.3d at 332. In other words, Plaintiff must allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096).

While the statements attributed to Defendant Wiley by Plaintiff may be "textbook example[s] of the state of mind required to violate the Eighth Amendment," *Snow v. McDaniel*, 681 F.3d 978, 990 (9th Cir. 2012) (overruled in part on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014), Plaintiff does not allege that Wiley's treatment decisions were medically unacceptable. *Jackson*, 90 F.3d at 332. According to Plaintiff, Wiley examined him, concluded he suffered from a skin condition, prescribed Plaintiff topical anti-itch medication, and provided him with instructions for self-administering the medication. Wiley also granted Plaintiff's request for a CT scan. The fact that Defendant Wiley did not personally dispense the medication, or grant Plaintiff's additional requests, such as various types of support braces and a lower bunk chrono, does not establish deliberate indifference. A difference of medical opinion between the inmate and the medical official regarding treatment is insufficient to establish deliberate indifference. *Franklin*, 662 F.2d at 1344. Moreover, the Constitution does not require that prisoners be given every medical treatment they desire. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff fails to allege facts demonstrating that Defendant Wiley's examination and treatment were medically unacceptable, or that Defendant Wiley acted in conscious disregard of Plaintiff's serious medical need.

### 4. State Law Claims

Plaintiff also brings several claims against Defendant Wiley arising under California state law, including claims for "Violation of State Law Government Code

7

3:16-cv-0487-MMA-NLS

the court to draw a reasonable inference" of deliberate indifference by Defendant Wiley. *Iqbal*, 556 U.S. at 678. To establish that Wiley's actions amounted to deliberate indifference, Plaintiff must allege that the course of treatment Wiley "chose was medically unacceptable under the circumstances" and that she "chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson*, 90 F.3d at 332. In other words, Plaintiff must allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096).

While the statements attributed to Defendant Wiley by Plaintiff may be "textbook example[s] of the state of mind required to violate the Eighth Amendment," *Snow v. McDaniel*, 681 F.3d 978, 990 (9th Cir. 2012) (overruled in part on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014), Plaintiff does not allege that Wiley's treatment decisions were medically unacceptable. *Jackson*, 90 F.3d at 332. According to Plaintiff, Wiley examined him, concluded he suffered from a skin condition, prescribed Plaintiff topical anti-itch medication, and provided him with instructions for self-administering the medication. Wiley also granted Plaintiff's request for a CT scan. The fact that Defendant Wiley did not personally dispense the medication, or grant Plaintiff's additional requests, such as various types of support braces and a lower bunk chrono, does not establish deliberate indifference. A difference of medical opinion between the inmate and the medical official regarding treatment is insufficient to establish deliberate indifference. *Franklin*, 662 F.2d at 1344. Moreover, the Constitution does not require that prisoners be given every medical treatment they desire. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff fails to allege facts demonstrating that Defendant Wiley's examination and treatment were medically unacceptable, or that Defendant Wiley acted in conscious disregard of Plaintiff's serious medical need.

### 4. State Law Claims

Plaintiff also brings several claims against Defendant Wiley arising under California state law, including claims for "Violation of State Law Government Code

19572(f) Dishonesty," "Violation of State Law Penal Code Section 5058," and "Violation of State Law Department of Corrections Operation Manual." *Complaint* at 67-70.[3] Plaintiff does not oppose the dismissal of these claims.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Wiley's motion to dismiss. The Court **DISMISSES** Plaintiff's state law claims against Defendant Wiley without leave to amend. The Court **DISMISSES** Plaintiff's First and Eighth Amendment claims against Defendant Wiley with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)) (court must give *pro se* litigant leave to amend his claim "unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

If Plaintiff wishes to pursue this action and amend his First and Eighth Amendment claims against Defendant Wiley in accordance with this Order, he must file an amended complaint within forty-five (45) days from the date this Order is filed. Plaintiff may amend only to cure the deficiencies identified in this Order with respect to his First and Eighth Amendment claims against Defendant Wiley. Plaintiff may not add any new claims or parties.

**IT IS SO ORDERED**.

DATE: December 21, 2017

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] Citation refers to the pagination assigned by the document's author.