**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MORIANO MILLARE, CDCR #J-19886,<br><br>                            Plaintiff,<br>     vs.<br>G. WILEY,<br><br>                            Defendant. | Case No.: 3:16-cv-0487-MMA-NLS<br><br>**ORDER GRANTING DEFENDANT G. WILEY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT;**<br><br>[Doc. No. 134]<br><br>**DENYING AS MOOT DEFENDANT G. WILEY'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 135] |

     Plaintiff Moriano Millare, a California state prisoner proceeding *pro se*, instituted this civil rights action against correctional, medical, and inmate appeals officials at Richard J. Donovan Correctional Facility ("RJD"). *See* Doc. No. 1. Plaintiff's only remaining claim in this action is against Defendant G. Wiley, a nurse practitioner at RJD, for violation of his Eighth Amendment right to adequate medical care. *See* Doc. No. 132. Defendant Wiley moves to dismiss Plaintiff's claim pursuant to Federal Rule of Civil

Procedure 12(b)(6), *see* Doc. No. 134, and to strike various portions of Plaintiff's First Amended Complaint ("FAC") pursuant to Rule 12(f), *see* Doc. No. 135. Plaintiff filed responses in opposition to Wiley's motions, to which Wiley replied. *See* Doc. Nos. 139, 140, 148, 149. The Court took Wiley's motions under submission on the written briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 151. For the reasons set forth below, the Court **GRANTS** Wiley's motion to dismiss and **DENIES AS MOOT** Wiley's motion to strike.

## BACKGROUND[1]

On June 11, 2014, Plaintiff filed an inmate health care appeal against former-defendant Dr. G. Casian. Plaintiff requested to be seen by another physician and asked for an MRI or CT scan, a dermatology appointment, braces for his back, neck, and ankle, as well as a step ladder for use accessing his upper bunk, or in the alternative, a lower bunk assignment. Plaintiff's appeal bypassed the first level of review, and on July 23, 2014, Defendant Wiley interviewed Plaintiff regarding his health care appeal against Dr. Casian. As a result of the interview, Defendant Wiley prescribed a topical medication to treat Plaintiff's skin condition, ordered a follow-up X-ray of Plaintiff's lower back to determine whether any degeneration had occurred which would require a back brace or other accommodation, and submitted a request for a CT scan.

Plaintiff was dissatisfied with the interview and its outcome. On August 13, 2014, Plaintiff filed a health care appeal against Defendant Wiley regarding her alleged misconduct during the July 23, 2014 interview. Plaintiff claimed in his appeal that Wiley treated him poorly, told him he had bad breath, told him to change his religion, and asked him to perform odd physical feats for no purpose. Plaintiff also claimed that Defendant

---

[1] This description of events is taken from Plaintiff's First Amended Complaint and the attached exhibits, and is not to be construed as findings of fact by the Court. However, because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Wiley shoved him in the back and threatened to cancel his appeal if he did not cooperate with her instructions.

Based on these events, Plaintiff brings an Eighth Amendment claim against Defendant Wiley alleging deliberate indifference to his serious medical needs. Defendant Wiley moves to dismiss Plaintiff's claim with prejudice pursuant to Federal Rule of Criminal Procedure 12(b)(6), arguing that he cannot state a plausible Eighth Amendment claim against her. Defendant Wiley also moves to strike portions of Plaintiff's FAC pursuant to Rule 12(f), as immaterial or impertinent.

## DISCUSSION

### *1. Legal Standard*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), *citing Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

*2. Analysis*

Plaintiff alleges that Defendant Wiley violated his Eighth Amendment right to adequate medical care by acting deliberately indifferent to Plaintiff's serious medical needs, to wit, a contagious skin infection and a pre-existing injury to his left hip, thigh, knee, shin, and ankle, as well as right shoulder and cervical spine conditions.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)). "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id*. at 105. A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." *Id*. (quoting *Wilson*, 501 U.S. at 298).

Even assuming Plaintiff's allegations establish the objective component of an Eighth Amendment claim, Plaintiff has failed to allege sufficient facts to establish that Defendant Wiley acted with "deliberate indifference" to Plaintiff's health or safety. *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 302-303). To the contrary, Plaintiff's FAC and the attached exhibits demonstrate that Defendant Wiley interviewed Plaintiff as part of the appeals process, prescribed topical skin medication, and ordered

follow-up X-rays and scans of Plaintiff's lower back and left ankle. The Constitution does not require that prisoners be given every medical treatment they desire. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). And based on these facts, Plaintiff once again fails to "show that the course of treatment [Defendant] chose was medically unacceptable under the circumstances . . . and . . . that [she] chose this course in conscious disregard of an excessive risk to plaintiff's health." *Id*.

In sum, Plaintiff has not alleged facts demonstrating that Defendant Wiley acted with deliberate indifference to his serious medical needs. The Court previously identified the deficiencies of Plaintiff's claim, but he has failed to cure those deficiencies. As such, the Court finds that amendment under the circumstances would be futile, and therefore unwarranted. *See Vasquez v. Los Angeles County*, 487 F.3d 1246, 1258 (9th Cir. 2007) (citing *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend)).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Wiley's motion to dismiss and **DENIES AS MOOT** Defendant Wiley's motion to strike. The Court **DISMISSES** Plaintiff's remaining Eighth Amendment claim against Defendant Wiley with prejudice. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Wiley and close the case.

**IT IS SO ORDERED**.

DATE: April 11, 2018

HON. MICHAEL M. ANELLO
United States District Judge